**T. A. PITTMAN, Inc., v. LA FONTAINE.**

No. 7140.

Circuit Court of Appeals, Fifth Circuit.

Jan. 15, 1934.

James A. Leathers, of Gulfport, Miss., for appellant.

S. C. Mize, of Gulfport, Miss., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action by the appellee against his employer, the appellant, which was a subcontractor engaged in constructing a build-ing, to recover damages for personal injuries sustained by the appellee while he was attempting to comply with an order of a superior, to whose orders he was subject, to go from where he had been working as a carpenter's helper on the third floor of the building under construction to a place above that floor for the purpose of there assisting in raising and setting a bucket or hopper which was to be used in pouring concrete on the fourth floor of the building. The injuries resulted from an elevator descending and striking the appellee while he was inside the elevator shaft in the act of climbing up its side towards the place to which he had been ordered to go. The appellee's declaration attributed his injuries to negligence of the appellant in failing to provide appellee a reasonably safe way to get to the place of work to which he was ordered, in having the machinery which propelled the elevator located at a place where the view of the operator of that machinery, an employee of the appellant, was so obstructed that he could not see one inside the elevator shaft, in failing to notify the appellee that the elevator was in use at the time the above mentioned order was given, and in failing to provide means of giving warning when the elevator was going to move.

The appellant put in issue the allegations of appellee's declaration and set up grounds of defense which are indicated below. Upon the conclusion of the evidence, the appellant moved the court to direct a verdict in its favor, and assigned as grounds supporting that motion: (1) That the undisputed proof showed that the danger of climbing up the elevator shaft on the inside was as obvious and apparent to appellant as it was to appellee, and that appellant was under no duty to warn appellee of that danger; (2) that the undisputed proof showed that appellee had reasonably safe ways, provided by the appellant, of getting to the place to which he was ordered, by using a ladder inside the building, or by climbing up the elevator shaft on the outside thereof, and that appellee voluntarily chose a dangerous method; and (3) that the undisputed proof showed that when appellant was injured the elevator, the machinery which propelled the elevator, and the operator of that machinery were under the exclusive direction, control, and management of another named independent contractor on the job, for whose acts or negligence the appellant was not responsible. The court denied that motion. That ruling is the sole ground relied on for a reversal of the judgment in favor of the appellee.

The elevator shaft was part of a tower or

structure provided by the appellant for the operation of an elevator intended for use in hoisting materials to be used in constructing the building, upon which employees were not permitted to ride, another and adjoining part of that structure being used in hoisting, in buckets or containers, concrete to the floor on which it was to be poured.

Evidence adduced in the trial tended to prove the following: Prior to the time appellee was injured, it was customary for appellant's employees to go up the elevator shaft on the inside. In going from the third floor to the place to which appellee was ordered, it was safer, when the elevator was not in operation, to go up the elevator shaft on the inside than to ascend by either of the two other possible ways, namely, on the outside of the elevator shaft, or on a ladder leading up from the third floor, the use of the outside of the elevator shaft being more unsafe by reason of the cross-pieces or braces which supported one in climbing up being nailed on the outside and liable to be pulled loose by the climber, and the use of the ladder being more dangerous by reason of the fact that for one to get from the top of the ladder to the place to which appellant was ordered he had to walk a distance of about twenty feet on joists two inches thick and two feet apart, there being nothing else to support him, and then climb down the shaft to the hopper. The elevator was not continuously in use. It was used only when there was occasion to hoist material from one floor to a place above. It was not in use the day before appellee was injured, when, pursuant to orders, he went, by way of the inside of the elevator shaft, to the same place to assist in work preparatory to the raising and setting of the hopper. Prior to appellee's injury he was not informed that the elevator then was in use. His superior who gave the order on which appellee was acting knew that the elevator then was in operation in hoisting material for another subcontractor under a contract by which appellant agreed to furnish all necessary materials and labor required to effect that hoisting, the operator of the elevator being an employee of the appellant and subject to appellant's orders in doing that work. From the point where that employee of the appellant was stationed while operating the machinery which moved the elevator, he could not see one in the elevator shaft because of his view being obstructed by trees. The appellant made no provision for giving signals or warnings of the movements of the elevator.

From the above statement of tendencies of evidence given in the trial, it is apparent that undisputed evidence did not show the asserted facts relied on by the appellant as grounds supporting its motion for a directed verdict.

If the appellee was chargeable with negligence contributing to his injuries in using, in his attempt to get to the place to which he was ordered, the inside of the elevator shaft, under the Mississippi law that negligence did not bar his right to recover for those injuries if negligence chargeable against appellant also proximately contributed thereto, but was effective only to diminish the amount of recoverable damages. Mississippi Code, 1930, § 511. In the circumstances attending the giving of the order in pursuance of which appellee was acting when he sustained the injuries complained of, it was to be expected that he would or might use the inside of the elevator shaft in attempting to get to the place to which he was ordered unless he had notice or warning that the elevator then was being operated or about to be moved. If the danger to one inside the elevator shaft due to the movement of the elevator therein was known to appellant's representative who gave the order, but was not known to the appellee, the appellant was chargeable with negligence for failing to provide for giving to the appellee notice or warning of that danger. Coast Ship Co. v. Yeager, 120 Miss. 152, 81 So. 797. A phase of the evidence given in the trial tended to prove that the way of approach to the place to which he was ordered which appellee attempted to use, and which in the circumstances attending the giving of the order he might be expected to use, was then unsafe by reason of a danger not known to the appellee but known to the appellant's representative who gave that order; that the injuries sustained by the appellee were proximately due to the existence of that danger; and that appellant was chargeable with negligence in having the machinery which moved the elevator located at a place where the view of the operator of that machinery was so obstructed that he could not see one inside the elevator shaft, and in failing to notify or warn appellee of the danger to which he was exposed by the movement of the elevator, or to provide any means of giving notice or warning of that danger.

The material allegations of the declaration were supported by evidence, and no defense asserted was proved by undisputed evidence. The above mentioned ruling was not erroneous. The judgment is affirmed.